NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-96-HRW

HAL EDWARDS HODGES                                                                  PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN and
DR BOBBY J. TOUCHTON                                                              DEFENDANTS

Hal Edwards Hodges, an individual presently confined at the Federal Prison Camp (FPC) in Ashland, Kentucky, has filed a *pro se* civil rights complaint under 28 U.S.C. §1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), together with a motion to proceed *in forma pauperis*. The plaintiff now having submitted supporting financial information, his motion will be granted by separate Order.

This matter is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To state a claim that is cognizable as a *Bivens* action, the plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397.

CLAIMS

The plaintiff claims that the defendants have violated his rights under the U.S. Constitution's First, Eighth, and Fourteenth Amendments with regard to his ability to practice his religion at FPC-

Ashland, a prison operated by the Federal Bureau of Prisons (BOP).

## NAMED DEFENDANTS

As defendants, the plaintiff has named the prison's Warden Terry O'Brien and Chaplain Dr. Bobby J. Touchton.

## RELIEF REQUESTED

The plaintiff seeks a jury trial, injunctive relief, and damages.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the factual allegations presented in the original complaint, its attachments, and later-filed attachments. Record Nos 1, 10.

The plaintiff alleges that in 2003, he began to suffer difficulties in practicing his Native American religion at FPC-Ashland, but his repeated complaints brought no changes. Therefore, in February of 2004, he began the BOP's formal administrative remedy process, Administrative Remedy No. 324731. The documents exchanged in that process are attached to the complaint. They reveal that the plaintiff's concerns were focused on the need for a regular supply of wood suitable for sweat lodge ceremonies, the plaintiff complaining that delivery was sporadic, the amount variable, and the wood was not the right kind, *i.e.*, not being the logs necessary for the foundation of the altar but scrap pine boards, often with paint and/or nails in them.

The plaintiff also alleges that, in violation of his equal protection rights, his religion and its practitioners are treated differently from other religious groups, especially those of the Christian faith. The plaintiff complains that he is not provided the same number of worship opportunities, Native Americans being limited to meeting only once per week; a full-time worship leader, in their case a medicine man, pipe carrier or spiritual advisor; announcements of their ceremonies;

2

recognition of their holy days; a fair part of the religion budget; or a supply of beads and other worship materials, while Christians get Bibles, crackers, and grape juice. Even more unfairly, according to the plaintiff, because their religion uses a prayer pipe, "this administration started claiming the native americans must be using some form of drugs . . . and giving everyone urine test[s]." The plaintiff claims that he alone has been tested monthly now for over a year.

The plaintiff does not, however, explain his assertion that his Eighth Amendment rights were violated.

## DISCUSSION

The Court must begin with a pre-condition to the filing of the instant lawsuit. In the Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996, the United States Congress legislated that prisoners must avail themselves of administrative remedies prior to initiating a lawsuit:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Thus, we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

3

The Sixth Circuit has consistently insisted on compliance and a clear demonstration of compliance with the statute at the time of filing. *See Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997). A plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

In the case *sub judice*, the plaintiff has demonstrated exhaustion of his claim that he could not freely practice his religion with the wood which was being provided sporadically. He does not, however, mention how either of the defendants was personally involved in the wood acquisition difficulties. In fact, he names Chaplain Touchton as a defendant, while in an apparent contradiction, asks that "Religious Services be placed back in charged of deciding the type of wood and amount for the Native American Ceremonies." Attachment 2. The plaintiff also devotes most of his initial pleading to pointing out the disparate provisions for the Native American practitioners in comparison to those following a Christian faith, but he neither alleges nor demonstrates that he presented any of these equal protection claims in an administrative remedy. Since his Eighth Amendment claim also is totally unsupported by the administrative record, the plaintiff has not demonstrated that he exhausted two of the three claims he asserts in this lawsuit.

The Sixth Circuit has decided that courts within its circuit, including the United States District Court for the Eastern District of Kentucky, must follow the "total exhaustion" rule, meaning that whenever there is a single unexhausted claim, despite the presence of other exhausted claims,

the court must dismiss the entire complaint for failure to exhaust. *Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). *See also Walton v. Bouchard*, 136 Fed.Appx. 846, 848 (6th Cir. 2005) (unpublished) (affirming dismissal of complaint because discrimination claim was unexhausted as to every defendant); *Williams v. Overton*, 136 Fed.Appx. 859, 862 (6th Cir. 2005) (unpublished) (same).

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1) This action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

(2) The motion of the plaintiff for discovery material [Record No. 4] and the motion of David A. Linzmeyer for leave to file an amicus brief [Record No. 5] are both **DENIED,** as moot.

This September 7, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge